# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWN EDMONDS, SR.,

        Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
PH-0752-15-0092-I-1

DATE: July 14, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Shawn Edmonds, Sr., Willow Grove, Pennsylvania, pro se.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 14-day suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  For the reasons discussed below, we GRANT the agency's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency removed the appellant, a Veterans Claims Examiner, on three charges of misconduct:  threatening bodily injury to management personnel; failing to protect personally identifiable information; and redirecting veterans' benefits to other than the intended claimant(s) and improperly altering official government documents.  Initial Appeal File (IAF), Tab 5 at 6-10.[2]  The appellant timely filed a Board appeal, alleging that his removal was taken because "they [management] wanted to get rid of me because I am a disabled veteran (100%) and black" and "they (management) don't like black men trying to get ahead."  IAF, Tab 1 at 2.  When he first filed his appeal, the appellant neither asked for a hearing nor requested one within the timeframe set by the administrative judge in the acknowledgment order.  IAF, Tab 6.

¶3        In response to the administrative judge's close of record order, however, the appellant did request a hearing, and the administrative judge issued an order giving the appellant an opportunity to demonstrate good cause for his belated hearing request.  IAF, Tabs 7-8.  The appellant did not respond to this order.

---

[2] The citations to Tab 5 are to the page numbers generated upon the electronic filing of the agency file.

IAF, Tab 9. After setting a new close of record date, the administrative judge issued an initial decision based on the written record and only sustained the agency's charge that the appellant redirected veterans' benefits to other than the intended claimants and improperly altered government documents. IAF, Tab 10, Initial Decision (ID) at 3-9. The administrative judge further denied the appellant's affirmative defense of race discrimination, and he mitigated the appellant's removal to a 14-day suspension. ID at 9-10, 12.

¶4 The agency has filed a petition for review arguing that the administrative judge did not consider all of the relevant information in mitigating the appellant's removal. Petition for Review (PFR) File, Tab 1 at 5-7. The agency also argues that the administrative judge employed flawed reasoning in not sustaining the appellant's alleged failure to protect personally identifiable information. *Id.* at 8-9. In his initial decision, the administrative judge found that the record was devoid of evidence showing that the appellant emailed files containing personally identifiable information to nonagency email accounts, as the agency had alleged. ID at 7; IAF, Tab 5 at 6. The administrative judge further explained that although the agency offered to provide this evidence to him in camera upon his request, this offer did not comport with the Board's procedures involving the filing of sensitive or confidential information, and that the absence of this evidence from the record was fatal to the agency's charge that the appellant failed to protect personally identifiable information. ID at 7-8 & n.*. The appellant has filed a response in opposition to the petition for review. PFR File, Tab 4.

¶5 As explained below, we find that this appeal must be remanded to the administrative judge for further consideration of two of the agency's charges of misconduct and the appellant's disparate treatment affirmative defenses.[3] We

---

[3] We see no reason to differ with the administrative judge's finding that the agency failed to prove its charge that the appellant threatened bodily injury to management personnel. ID at 4-7. Because we are remanding the appeal for further adjudication, we do not address the agency's challenge to the administrative judge's decision to mitigate the penalty. PFR File, Tab 1 at 5-7.

note at the outset, however, that we disagree with the agency's argument on review that the administrative judge erred in not conducting an in camera review of certain information. In camera review is a process generally used during discovery when a party seeks to avoid the disclosure of documents on the basis of privilege. *See U.S. v. Zolin*, 491 U.S. 554, 568-69 (1989). Under this process, the party asserting the privilege objects to the document request and supplies the documents to the court for inspection in order for it to determine whether they should be turned over. *Id*. Here, however, the agency did not assert that either the withheld documents or information are privileged; rather, the agency asserted that the information should not be made public as part of its filing in this case. *See* IAF, Tab 5 at 3. As the administrative judge explained, the Board's procedures provide for the submission of documents under seal or in redacted format. ID at 7 n.\*; *see Social Security Administration v. Doyle*, 45 M.S.P.R. 258, 261-62 (1990); *see also* U.S. Merit Systems Protection Board Judges' Handbook, Chapter 17 (Oct. 2007). We thus disagree with the agency that certain information should have been presented to the administrative judge for in camera review.

¶6         Although we find no merit to the agency's argument that the administrative judge should have conducted an in camera review of the evidence, we find that the record contains other evidence which the administrative judge should have considered in determining if the agency proved its charge that the appellant failed to protect personally identifiable information. Specifically, in response to the agency's notice of proposed removal, the appellant submitted a written reply acknowledging that he sent "a copy of the email . . . to my home e-mail because of time constraints" and that he usually "scrub[s] any [personally identifiable information] from any e-mails. However, in this instance, I wasn't really thinking about the [personally identifiable information] aspect of this e-mail. It was an honest oversight mistake." IAF, Tab 5 at 51. The Board has found that an appellant's admission of a charge of misconduct can suffice as proof of the

charge without additional proof from the agency. *See Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014). Accordingly, upon remand, we leave it to the administrative judge to determine whether the appellant's statements constitute sufficient proof of the agency's charge, and if so, he should consider the appellant's admissions in evaluating the reasonableness of the agency's penalty. *See, e.g.*, *Lazenby v. Department of the Air Force*, 66 M.S.P.R. 514, 521 (1995) (an admission of wrongdoing can demonstrate strong rehabilitative potential). We thus GRANT the agency's petition for review, insofar as it challenges the administrative judge's decision not to sustain the second charge.

¶7    Upon review of the initial decision, we also find that the administrative judge should further consider on remand whether the agency proved its third charge that the appellant redirected veterans' benefits to other than intended claimant(s) and improperly altered official government documents. While the administrative judge found preponderant evidence in the record establishing that the agency proved this charge, he did not specifically address the second component of the agency's charge, viz., whether the appellant improperly altered official government documents. *See* ID at 8-9. Although the agency's charge is based on a single event, the agency charged the appellant with redirecting veterans' benefits *and* improperly altering official government documents, and we find that in order to prove this charge, the agency must prove both aspects of this charge as labeled.[4] *See Acox v. U.S. Postal Service*, 76 M.S.P.R. 111, 113-14 (1997). An initial decision must identify and resolve all material issues of fact,

---

[4] Toward the beginning of his initial decision, the administrative judge explained that "where, as here, a charge is based on separate acts of misconduct that are not dependent on each other and do not comprise a single inseparable event, each of the aspects may stand or fall individually." ID at 4. We are uncertain if the administrative judge's observation applies to each of the agency's charges, or solely to its third charge. We disagree with the administrative judge insofar as this observation applies to the third charge, which we find requires the agency to prove both that the appellant redirected veterans benefits and that he altered official government documents. *See Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202-03 (1997) (an agency must prove its charge as labeled); *see also* IAF, Tab 5 at 3, 6-7.

and must address all material legal issues in a manner that reveals the administrative judge's conclusions of law, legal reasoning, and the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Absent a discussion of whether the agency proved by preponderant evidence that the appellant improperly altered official government documents, we find that additional consideration of this charge is warranted on remand.

¶8      Finally, on remand, we find that the administrative judge also must provide the appellant notice of his burden of proof on his affirmative defenses of race, sex, and disability discrimination. *See Qatsha v. Department of Defense*, 86 M.S.P.R. 121, ¶ 8 (2000). As noted above, the appellant alleged in his initial appeal that his removal was motivated by race, sex, and disability discrimination. IAF, Tab 1 at 2. The record reflects, however, that the administrative judge did not apprise the appellant of the applicable burdens of proof on these claims prior to issuing the initial decision, and that he only addressed the appellant's defense of race-based disparate treatment in his initial decision. ID at 9-10; IAF, Tabs 6, 9. Under these circumstances, we find that the appellant is entitled to notice of the standards of proof for his affirmative defenses of race-, sex-, and disability-based disparate treatment, and we find that remand of the appeal for further adjudication is warranted.[5] *Id.*; *see Sarratt v. U.S. Postal Service*, 90 M.S.P.R. 405, ¶ 12 (2001) (Board law requires the administrative judge to give the appellant notice of his burden of proof and the elements of his affirmative defense).

---

[5] We recognize that these issues may have been overlooked due to the fact that the appellant did not timely request a hearing. Because we find no reason to differ with the administrative judge's conclusion that the appellant did not timely request a hearing, the appellant is not entitled to another opportunity to request a hearing on remand. IAF, Tab 9.

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order. After apprising the appellant of the elements of his affirmative defenses and giving him an additional opportunity to submit evidence on these claims, the administrative judge may adjudicate the appeal on the written record and issue a new initial decision addressing the two charges discussed above; the appellant's race, sex, and disability discrimination affirmative defenses; and whether the appellant's removal should be sustained or whether a lesser penalty should be imposed.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.